# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| STEVEN BRADLEY, | |
| Plaintiff, | No. C09-0147-LRR |
| vs. | |
| CURT MAYO, STEVE SALVIATI, IOWA DEPARTMENT OF CORRECTIONS, DENNIS LABARGE, JEREMY FALL, MOLLY MORONEY, | INITIAL REVIEW ORDER |
| Defendants. | |

_____

This matter is before the court on the plaintiff's application to proceed in forma pauperis (docket no. 1). The plaintiff submitted such application on October 5, 2009. Along with his application to proceed in forma pauperis, the plaintiff submitted a complaint pursuant to 42 U.S.C. § 1983 and an application for appointment of counsel (docket no. 2). On or about October 15, 2009, October 19, 2009, October 20, 2009 and October 27, 2009, the plaintiff supplemented his complaint. Apart from sending supplements to the court, the plaintiff sent the court letters on multiple occasions.

Based on the application submitted, in forma pauperis status shall be granted. 28 U.S.C. § 1915. The clerk of court shall file the complaint without the prepayment of the filing fee. The plaintiff shall submit $7.50 as his initial partial filing fee. 28 U.S.C. § 1915(b)(1). In addition, the plaintiff shall submit monthly payments of 20 percent of the preceding month's income credited to his inmate account until the $350.00 filing fee is paid. 28 U.S.C. § 1915(b)(2); *see also* 28 U.S.C. § 1914(a) (requiring $350.00 filing fee). The agency having custody of the plaintiff shall forward payments from his inmate account to the clerk of court each time the amount in the account exceeds $10 until the filing fee is paid. 28 U.S.C. § 1915(b)(2).

In *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973), the Supreme Court delineated what constitutes a habeas corpus action as opposed to a 42 U.S.C. § 1983 claim. The plaintiff's label of his action cannot be controlling. *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) (citing *Preiser*, 411 U.S. at 489-90). If a plaintiff is challenging the validity of his conviction or the duration of his incarceration and seeking a determination that he is entitled to immediate or speedier release, a writ of habeas corpus is the only federal remedy available. *Preiser*, 411 U.S. at 500; *Otey v. Hopkins*, 5 F.3d 1125, 1131 (8th Cir. 1993). It is the substance of the relief sought which counts. *Kruger,* 77 F.3d at 1073.

In this action, the plain language of the complaint demonstrates that the plaintiff is indirectly challenging the validity of his confinement. The plaintiff, among other things, complains about events that are related to a disciplinary report that he received, the disciplinary proceedings that followed and the sanctions that he received. As relief, the plaintiff states that he would like the court to award him damages and to transfer him to another institution. The relief sought by the plaintiff is not available because a 42 U.S.C. § 1983 cause of action for damages does not arise until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal . . . , or called into question by the issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486, 114 S. Ct. 2364, 129 L. Ed.2d 383 (1994). The plaintiff acknowledges that he lost good time credit as a result of his conduct and it does not appear that he has successfully challenged that discipline through habeas or some other proceeding. Thus, the plaintiff's claims under 42 U.S.C. § 1983 fail as a matter of law. *See Portley-El v. Brill*, 288 F.3d 1063, 1066-67 (8th Cir. 2002) (applying "favorable termination" rule of *Heck v. Humphrey*, 512 U.S. at 477, to damages claim based on disciplinary decision that caused a loss of good time credits).

Construing the action as an application for habeas corpus relief under 28 U.S.C. § 2254, the claims shall be dismissed because it is clear from the complaint and the exhibits

that the plaintiff did not seek post-conviction relief pursuant to Chapter 822 of the Iowa Code. *See* Iowa Code section 822.1, *et al.* (providing for post-conviction relief). Stated differently, dismissal is appropriate because the plaintiff failed to meet the exhaustion requirements of 28 U.S.C. § 2254(b)(1).

Alternatively, a review of all of the documents submitted by the plaintiff leads the court to conclude that none of the defendants violated any right created by a federal statute or right included in the Constitution. A "plaintiff must show that he 'has sustained or is immediately in danger of sustaining some direct injury' as a result of the challenged official conduct, and the injury or threat of injury must be both 'real and immediate,' not 'conjectural or hypothetical.'" *Meis v. Gunter*, 906 F.2d 364, 367-68 (8th Cir. 1990) (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 102, 103 S. Ct. 1660, 75 L. Ed. 2d 675 (1983), in turn quoting *Baker v. Carr*, 369 U.S. 186, 204, 82 S. Ct. 691, 7 L. Ed. 2d 663 (1962)); *see also Cody v. Weber*, 256 F.3d 764, 770 (8th Cir. 2001) (prisoners must satisfy standing requirements, and a court will not intervene unless a constitutional violation has occurred or the threat of such violation is real and immediate) (citing *Smith v. Arkansas Dep't of Correction*, 103 F.3d 637, 644 (8th Cir. 1996)). Here, the allegations make clear that the plaintiff is concerned about his safety because details of his disciplinary action suggest that he is an informant; the plaintiff does not contend that he or another person told the defendants that an inmate posed a substantial risk of harm to him and they disregarded such risk.[1] On the contrary, the plaintiff makes clear that he refuses

---

[1] The court notes that a violation of a state law or internal prison guideline is not the automatic equivalent of a violation of the Constitution. *See, e.g., Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003); *Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996); *Brown v. Nix*, 33 F.3d 951, 954 n.2 (8th Cir. 1994). And, to establish a constitutional failure to protect claim, "[a prisoner] must show: (1) that his incarceration . . . posed a substantial risk of serious harm (objective component), and (2) the . . . officials actually knew of but disregarded, or were deliberately indifferent to, [his] health or safety (subjective component)." *Crow v. Montgomery*, 403 F.3d 598, 601-02 (8th Cir.
(continued…)

to be placed into protective custody. Therefore, the plaintiff's claim is not ripe for judicial review.

Further, it is clear that the plaintiff does not assert any physical injury as a result of the defendants' actions. Under the Prison Litigation Reform Act,

> [n]o Federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility, for mental or emotional injury suffered while in custody without prior showing of physical injury.

42 U.S.C. § 1997e(e); *see also Royal v. Kautzky*, 375 F.3d 720, 723 (8th Cir. 2004) (42 U.S.C. § 1997e(e) applies to all prisoner federal civil actions). Because he does not have the requisite physical injury to support a claim for mental or emotional suffering, compensatory damages are barred under 42 U.S.C. § 1997e(e). *See Smith v. Moody*, 175 F.3d 1025 (table) (8th Cir. 1999) (affirming dismissal of inmate's complaint, when inmate failed to allege any physical injury); *Siglar v. Hightower*, 112 F.3d 191, 193-94 (5th Cir. 1997) (affirming dismissal of inmate's claims pursuant to 42 U.S.C. § 1997e(e), where alleged physical injury was merely de minimis); *Todd v. Graves*, 217 F. Supp. 2d 958, 960-61 (S.D. Iowa 2002) (barring plaintiff from recovering compensatory damages for mental and emotional injuries because his physical injuries did not pass 42 U.S.C. § 1997e(e) de minimis test).

Lastly, the plaintiff has no constitutional right to a prison transfer or to a choice of prisons. A transfer within a prison or to another prison falls within the discretion of prison officials. *Lyon v. Farrier*, 727 F.2d 766, 768 (8th Cir. 1984) (citing *Hewitt v. Helms*, 459 U.S. 460, 103 S. Ct. 864, 869, 74 L. Ed. 2d 675 (1983), and *Olim v. Wakinekona*, 461 U.S. 238, 103 S. Ct. 1741, 1745-46, 75 L. Ed. 2d 813 (1983)).

---

[1](…continued)
2005) (citing *Pagels v. Morrison*, 335 F.3d 736, 740 (8th Cir. 2003) and *Jackson v. Everett*, 140 F.3d 1149, 1151 (8th Cir. 1998)).

In light of the foregoing, the plaintiff's complaint shall be dismissed as frivolous or for failing to state a claim upon which relief can be granted. Because the court deems it appropriate to dismiss the complaint pursuant to 28 U.S.C. 1915A(b)(1) and/or 28 U.S.C. § 1915(e)(2)(B), the dismissal of this action shall count against the plaintiff for purposes of the three-dismissal rule set forth in 28 U.S.C. § 1915(g).

Having concluded that dismissal is warranted, the plaintiff's application for appointment of counsel shall be denied as moot.

**IT IS THEREFORE ORDERED**:

1) The plaintiff's application to proceed in forma pauperis (docket no. 1) is granted.

2) The clerk of court is directed to file the complaint without the prepayment of the filing fee.

3) The plaintiff is directed to submit $7.50 as his initial partial filing fee and to submit monthly payments of 20 percent of the preceding month's income credited to his inmate account until the $350.00 filing fee is paid.

4) The agency having custody of the plaintiff is directed to forward payments from the plaintiff's inmate account to the Clerk of Court each time the amount in the account exceeds $10 until the filing fee is paid.

5) The plaintiff's complaint is dismissed.

6) The dismissal of this action counts against the plaintiff for purposes of the three-dismissal rule set forth in 28 U.S.C. § 1915(g).

7) The plaintiff's application for appointment of counsel (docket no. 2) is denied as moot.

**DATED** this 28th day of October, 2009.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

TO: **WARDEN/ADMINISTRATOR**
**Anamosa State Penitentiary, Anamosa, Iowa**

## NOTICE OF COLLECTION OF FILING FEE

You are hereby given notice that Steven Bradley, #0207216, an inmate at your facility, filed the following lawsuit in the United States District Court for the Northern District of Iowa: *Bradley v. Mayo, et al.*, Case No. C09-0147-LRR. The inmate was granted in forma pauperis status pursuant to 28 U.S.C. § 1915(b), which requires partial payments of the $350.00 filing fee. Based on the inmate's account information, the court has assessed an initial partial filing fee of $7.50, which the inmate must pay now to the clerk of court. 28 U.S.C. § 1915(b)(1).

> After payment of the initial partial filing fee, the [inmate] shall be required to make monthly payments of 20 percent of the preceding month's income credited to [his] account. The agency having custody of the [inmate] shall forward payments from [his] account to the clerk of court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). Therefore, you must monitor the account and send payments to the clerk of court according to the system provided in 28 U.S.C. § 1915(b)(2), that is, you should begin making monthly payments of 20 percent of the preceding month's income credited to the inmate's account.

Please make the appropriate arrangements to have these fees deducted and sent to the court as instructed.

s/Karen S Yorgensen, Deputy
_____
Robert L. Phelps
U.S. District Court Clerk
Northern District of Iowa